IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ISAAC MONTANO,

        Petitioner,

vs.                                                   No. CIV 98-783 JP/LFG

TIM LeMASTER,

        Respondent.

## MAGISTRATE JUDGE'S FINDINGS
## AND RECOMMENDED DISPOSITION[1]

### Findings

1. This is a proceeding on a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, filed June 29, 1998. Respondent filed his Answer, along with a Motion to Dismiss [Doc. 12], on October 8, 1998. Petitioner Isaac Montano ("Montano") challenges the judgment and sentence entered by the Ninth Judicial District Court in State v. Montano, No. CR-95-12482 (County of Curry, New Mexico). Montano entered a plea in that case pursuant to North Carolina v. Alford, 400 U.S. 25, 91 S. Ct. 160 (1970). He was found guilty of battery upon a police officer and tampering with evidence, and he was sentenced as a habitual offender. Montano did not appeal, but filed a habeas corpus petition in state court. The petition was denied, and the New Mexico Supreme Court denied certiorari.

---

[1] Within ten (10) days after a party is served with a copy of these findings and recommendations, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such findings and recommenda-tions. A party must file any objections with the Clerk of the U.S. District Court within the ten-day period allowed if that party wants to have appellate review of the findings and recommendations. If no objections are filed, no appellate review will be allowed.

2. As grounds for federal habeas review, Montano alleges that his constitutional rights were violated when the State brought multiple charges against him arising from one incident.

3. Respondent contends that Montano's claims are barred by the one-year limitation period in 28 U.S.C. § 2244(d)(1).

4. Following Montano's Alford plea, a judgment of conviction was entered on January 29, 1996. Montano did not appeal his conviction, and the time for appeal expired 30 days later, on February 28, 1996. N.M.S.A. (1978) § 39-3-3(A)(1). He filed his petition for habeas corpus relief in state court on April 27, 1998. On May 26, 1998, the state District Court entered its Order denying relief, and the New Mexico Supreme Court denied certiorari on June 16, 1998. Montano's petition for federal habeas relief was filed June 29, 1998.

5. The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, §101, 110 Stat. 1321 (codified at 28 U.S.C. § 2244(d)), amended federal habeas corpus procedures by adding a one-year statute of limitations for § 2254 petitions. AEDPA became effective on April 24, 1996. See, United States v. Simmonds, 111 F.3d 737, 745 n.10 (10th Cir. 1997). A prisoner whose conviction became final before AEDPA took effect has one year, until April 24, 1997, to file his federal habeas petition; however, the limitations period is tolled by any time spent pursuing state post-conviction relief. 28 U.S.C. § 2244(d)(2); Hoggro v. Boone, 150 F.3d 1223, 1226 (10th Cir. 1998).

6. Montano spent 50 days, from April 27 until June 16, 1998, pursuing state post-conviction relief. Thus, his petition would have to have been filed by June 14, 1997, or 50 days after April 24, 1997, in order to be timely. Montano filed his petition for federal habeas relief on June 29, 1998, over a year past the limitation deadline. He has not demonstrated any reason for delaying accrual of

2

the limitation period under 28 U.S.C. § 2244(d)(1)(B) - (D), nor any ground for equitably tolling the limitations period. See, Miller v. Marr, 141 F.3d 976, 978 (10th Cir.), cert. denied, 119 S. Ct. 210 (1998).

While Montano's pro se pleadings are to be liberally construed, his pro se status alone does not justify his failure to timely file his § 2254 petition. Quate v. Hargett, No. 98-6366, 1999 WL 288908, at *3 (10th Cir. May 10, 1999). The Court finds that Montano's petition is barred by the time limitation of 28 U.S.C. § 2244(d).

## Recommended Disposition

That the petition be denied and the action be dismissed with prejudice.

_____
Lorenzo F. Garcia
United States Magistrate Judge